IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

DENISE JONES, et al.,

        *Plaintiffs,*

    v.

STR8 FROM US, LLC, et al.,

        *Defendants.*

CIVIL ACTION
NO. 24-5370

**Pappert, J.**　　　　　　　　　　　　　　　　　　　　　　　　**April 23, 2025**

### MEMORANDUM

Denise Jones and Albert Martin filed this lawsuit in state court nearly a year ago, seeking redress for damages allegedly sustained as the result of a collision between their vehicle and the tractor trailer driven by Latif Conway, the sole operator/owner of Str8 From Us, LLC. Conway has refused to cooperate with his counsel or participate in the case. As a result, discovery requests have gone unanswered and attempts to depose him have been fruitless.

In January, the Court ordered Conway to respond to Jones's discovery requests. Jones now moves for sanctions for Conway's violations of that Order and asks the Court to (1) strike all affirmative defenses, (2) preclude Conway from testifying at trial and (3) preclude Conway and Str8 From Us from offering at trial any evidence concerning how the accident occurred or who was at fault. Because Conway violated the Court's Order, the Court will grant the motion in part and impose Jones's requested sanctions, with the exception that it will not strike any affirmative defenses that pertain to causation

1

or damages and will limit the preclusion of evidence to evidence that the Defendants should have produced in response to the discovery requests.[1]

I

A

On June 11, 2024, Denise Jones and Albert Martin filed their complaint against Str8 From Us, LLC and its owner/operator, Latif Conway, in the Philadelphia County Court of Common Pleas. *See generally* (Compl., ECF No. 1-4). Plaintiffs allege that on June 17, 2022, at approximately 1 p.m., they were travelling eastbound in the lefthand lane of Oregon Avenue in Philadelphia when Conway, who was driving a tractor trailer in the same direction in the righthand lane, attempted to turn left onto Christopher Columbus Boulevard. (*Id.* ¶¶ 9–14.) According to Plaintiffs, Conway failed to see them, did not brake or give warning before attempting to turn, and made no attempt to avoid the accident. (*Id.* ¶¶ 20–31.) Plaintiffs also allege that although Conway provided them his insurance information at the scene, he fled before police arrived to avoid a drug test. (*Id.* ¶¶ 37–38.) Jones asserts that she "sustained catastrophic life-altering injuries that required multiple surgeries, including a four-level cervical fusion." (*Id.* ¶¶ 43–59.) Martin, Jones's husband, brings claims for his own injuries as well as a loss of consortium claim based on his wife's injuries. (*Id.* ¶¶ 67–81, 91–92.)

---

[1]    Although the Motion and proposed order purport to concern the "Plaintiffs," the Motion is signed by counsel for Jones only, *see* (Pl. Mot. for Sanctions at 1, 5, ECF No. 31), and Martin, represented by separate counsel, never joined the Motion. Moreover, the motion to compel was filed, and the unanswered discovery served, by Jones alone. *See* (Pl. Mot. to Compel at 1, 7–8, ECF No. 17; Discovery Requests at 7, 18, ECF No. 17-1; Deposition Notices at 5, 14, ECF No. 17-4.) And the Order granting that motion referred only to "Plaintiff" and "Plaintiff's" discovery requests — that is, the plaintiff who filed the motion and served the discovery. Accordingly, the Court grants the pending Motion only with respect to Jones.

B

From the outset, Conway refused to participate in this litigation.  Attempts to serve the complaint via certified mailing to his residence and Str8 From Us's principal place of business, pursuant to Pennsylvania Rules of Civil Procedure 403 and 404, failed and the mailing was returned unclaimed.  *See* (Pl. Mot. to Remand, ECF No. 5 at 4; Mailings, ECF Nos. 5-3 & 5-4.)  Even Conway's counsel — retained by his insurance carrier — could not find him.  (Aug. Service Email Exchange at 4–6, ECF No. 5-5.)  Eventually, Plaintiffs located and served a Pennsylvania-registered process agent on September 12, 2024.  (Def. Resp. in Opp. to Mot. to Remand at 4, ECF No. 6; Sept. Service Email Exchange, ECF No. 6-2.)  Conway — through counsel who still could not locate him due to his continued refusal to cooperate with the insurance company — timely removed the case to federal court and answered the complaint.  (Def. Resp. in Opp. to Mot. to Remand at 4; Not. of Removal, ECF No. 1; Answer, ECF No. 2.)

Counsel realized at the beginning of discovery that Conway's lack of cooperation with defense counsel and his insurer was likely to continue.  *See* (Rule 26(f) Report, ECF No. 11.)[2]  Jones served written discovery pursuant to Federal Rules of Civil Procedure 33, 34 and 36 on November 13, 2024, with responses due on December 13. (Pl. Mot. to Compel at 4–5, ECF No. 17; Discovery Requests, ECF No. 17-1.)  When that deadline passed without response, Jones voluntarily extended the deadline to December 23.  (Pl. Mot. to Compel at 5.)  And after that deadline also passed without response, Jones notified the Court.  (Pl. Email to Chambers, ECF No. 17-3.)  The Court held a

---

[2]    At the Rule 16(b) Conference on November 26, 2024, (ECF No. 12), defense counsel explained that the insurance company was using a private investigation firm to attempt to contact Conway and obtain his participation.

telephone conference with counsel for both parties on January 2, 2025, (ECF No. 16),

after which Jones filed a Motion to Compel pursuant to Rule 37(a), (ECF No. 17).

Defense counsel confirmed that Conway continued to avoid counsel and his

insurer, preventing counsel from obtaining substantive responses to the discovery

requests.  (Def. Resp. in Opp. to Mot. to Compel at 1–2, ECF No. 19.)[3]  Counsel also

assured the Court that attempts to contact Conway and "secure his participation"

continued.  (*Id.*)[4]  The Court accordingly granted Jones's motion to compel on January

30 and ordered Conway to respond to the interrogatories and requests for production

within thirty days, and to appear for a deposition prior to the close of fact discovery.

(Order, ECF No. 27.)  The Court also amended the scheduling order to account for the

impact of Conway's conduct on the parties' ability to prepare for trial, which is now

scheduled for July 22.  (Am. Scheduling Order, ECF No. 26.)

At Jones's request, the Court held another telephone conference with all counsel

to discuss these ongoing concerns on March 12.  (ECF No. 28.)  During the call, the

Court told counsel about an email it received on February 25, purportedly from

---

[3]    Counsel explained that "all available materials which were not dependent on Mr. Conway's cooperation" were disclosed as part of the Rule 26(a) initial disclosures.  (Def. Resp. in Opp. to Mot. to Compel at 1.)  According to Plaintiffs, these materials consist of six items: "a Vehicle Search Results for Defendants' tractor-trailer"; the police report for the accident; a short audio recording of a conversation between an insurance adjuster and Conway; "an ISO Claim Search"; "a DOT # search for [] STR8 from US, LLC"; and the insurance declarations page.  (Pl. Reply in Supp. of Mot. to Compel at 1, ECF No. 20.)

[4]    Conway's original counsel withdrew, and new counsel entered their appearance, between the response to the motion to compel and the telephone conference the Court held to discuss that motion. *See* (ECF Nos. 21–23).  His new counsel confirmed in telephone conferences with the Court that efforts to reach Conway continued via phone, email and text message, as well as in-person through visits to his last-known address by the insurance carrier's private investigator.

Conway, stylized as a "Motion for Requesting ECF Access." (ECF No. 29.)[5] The Court

denied that motion. (ECF No. 30.)

On March 17, Jones moved pursuant to Rule 37(b), requesting sanctions against

Conway for failing to obey the Court's Order. (Pl. Mot. for Sanctions at 4, ECF No. 31.)

Specifically, Jones requests the Court (1) strike all affirmative defenses in the Answer,

(2) preclude Conway from testifying at trial, and (3) preclude Conway and Str8 From

Us from offering at trial any evidence concerning how the accident occurred or who was

at fault. (*Id.* at 2.) Conway's counsel, in responding to the motion, contested only the

propriety of striking all of the affirmative defenses. (Def. Resp. in Opp. to Mot. for

Sanctions, ECF No. 32.)

II

Rule 37 authorizes the courts to sanction conduct that obstructs discovery. *See*

*generally* Fed. R. Civ. P. 37. These sanctions are intended to "(1) penalize the culpable

party or attorney; (2) deter others from engaging in similar conduct; (3) compensate the

court and other parties for the expense caused by the abusive conduct; and (4) compel

discovery and disclosure." *Wachtel v. Health Net, Inc.*, 239 F.R.D. 81, 99 (D.N.J. 2006).

Rule 37(b) specifically authorizes sanctions against a party who "fails to obey an

order to provide or permit discovery," including an order under Rule 37(a). Fed. R. Civ.

P. 37(b)(2)(A). In response to this failure, the court "may issue further just orders" as it

sees fit. *Id.* Available sanctions include "prohibiting the disobedient party from

supporting or opposing designated claims or defenses, or from introducing designated

---

[5]       In the email, Conway explained that "I'm here to review the ECF record. To be certain [of]
the absolute. Of what's been/ing written/digitize to the record. That can affect/effectuate my
likeness." (ECF No. 29) (alterations and errors in original).

5

matters in evidence" and "striking pleadings in whole or in part." *Id.* 37(b)(2)(A)(ii)–

(iii).  Whatever the sanction, it must be "just" and "specifically related to the particular

'claim' which was at issue" in the discovery order. *Estate of Spear v. Comm'r of IRS*, 41

F.3d 103, 109, 111 (3d Cir. 1994) (quoting *Ins. Corp. of Ireland v. Compagnie Des*

*Bauxites*, 456 U.S. 694, 707 (1982)).

III

A

According to Jones, Conway violated the Court's order because he did not answer

her written discovery.  (Pl. Mot. for Sanctions at 4.)  Conway's counsel acknowledged

the discovery requests remained unanswered.  (Def. Resp. in Opp. to Mot. for Sanctions

at 1.)  Conway violated the Court's Order.[6]

B

Jones requests the Court (1) strike all affirmative defenses in the Answer,[7] (2)

preclude Conway from testifying at trial, and (3) preclude Conway and Str8 From Us

from offering at trial any evidence concerning how the accident occurred or who was at

---

[6]    Jones also notified the Court that no date had been set for Conway's deposition and no
corporate representative had been designated in response to their Rule 30(b)(6) notice. (Pl. Mot. for
Sanctions at 4.)  The only deadline the Court's Order set for the depositions was that they be held
prior to March 28. (Order.)  Although Conway still had time to comply with this part of the Order
when the Motion was filed, that deadline has since passed without the depositions being taken, so
Conway has now violated the Order in its entirety.

[7]    Conway's affirmative defenses are: (1) Plaintiffs failed to state a claim, (2) Conway did not
contribute to Plaintiffs' alleged injuries, (3) Plaintiffs' injuries are due to third-party conduct, (4)
Conway did not breach of a duty of care, (5) Plaintiffs failed to mitigate their injuries and damages,
(6) Plaintiffs' injuries pre-existed or were sustained after the accident, (7) Plaintiffs' injuries were
caused by "an unavoidable accident, sudden emergency, or Act of God," and (8) any defense available
under Pennsylvania Financial Responsibility Law, 75 Pa. C.S.A. § 1701 et seq. (Answer at 9–10,
ECF No. 2.)  Insofar as some of these defenses are not truly *affirmative* defenses, they will not be
stricken, although the Court will use this term throughout the opinion to refer to the eight defenses
that Jones requests be stricken.

6

fault.  (Pl. Mot. for Sanctions at 2.)  Granting Jones's requested relief — or the Court's

modified version of it — would leave Jones's allegations about the accident and

Conway's conduct uncontested and, in essence, amount to finding him liable for

whatever damages the jury determines were caused by the accident.

But before granting a sanction "tantamount to default judgment" under Rule

37(b), the Court must determine whether such a sanction would be justified under the

*Poulis* factors.  *Knoll v. City of Allentown*, 707 F.3d 406, 409 (3d Cir. 2013) (citing *Ali v.*

*Sims*, 788 F.2d 954, 957 (3d Cir. 1986) (requiring *Poulis* analysis where a court's

sanction resulted in partial summary judgment against the defendants)).  The six

*Poulis* factors are:

> "(1) the extent of the party's personal responsibility; (2) the prejudice to the
> adversary caused by the failure to meet scheduling orders and respond to
> discovery; (3) a history of dilatoriness; (4) whether the conduct of the party
> or the attorney was willful or in bad faith; (5) the effectiveness of sanctions
> other than dismissal, which entails an analysis of alternative sanctions;
> and (6) the meritoriousness of the claim or defense."

*Id.* 409 n.2 (citing *Poulis v. State Farm Fire & Casualty Co.*, 747 F.2d 863, 868

(3d Cir. 1984)).  "[N]o single . . . factor is dispositive," and there is no "magic

formula" or "mechanical calculation" when analyzing the *Poulis* factors.  *Briscoe*

*v. Klaus*, 538 F.3d 252, 263 (3d Cir. 2008) (citation omitted).  That said, "[t]he

record must support the District Court's findings."  *Hildebrand v. Allegheny Cty.*,

923 F.3d 128, 132 (3d Cir. 2019).

1

The first *Poulis* factor favors sanctions because Conway, although not proceeding

*pro se*, is solely responsible for the failure to respond to Jones's discovery requests and

sit for a deposition.  His lack of cooperation with his insurance carrier and counsel is

well-documented and extends to the beginning of this case.  Any benefit of the doubt he

might have received vanished when he contacted the Court, on his own, requesting

ECF access.  Conway is clearly aware of this litigation and the fact that its outcome

could affect him, yet he has not once cooperated with his insurer or lawyer.[8]  *Cf. Miller*

*v. Thompson-Walk*, No. 15-1605, 2019 WL 2150660, at *11 (W.D. Pa. May 17, 2019)

("[Defendant's] failure to cooperate in discovery, even with his own attorney, is his

personal responsibility.").

2

The second *Poulis* factor also favors granting Jones's motion.  Prejudice to the

movant is evidenced by an inability to "prepare effectively a full and complete trial

strategy."  *Ware v. Rodale Press, Inc.*, 322 F.3d 218, 222 (3d Cir. 2003); *see also Adams*

*v. Trs. of N.J. Brewery Emps.' Pension Tr. Fund*, 29 F.3d 863, 874 (3d Cir. 1994)

("Examples of prejudice include 'the irretrievable loss of evidence, the inevitable

dimming of witnesses' memories, or the excessive and possibly irremediable burdens or

costs imposed on the opposing party.'").  Prejudice can also come from "deprivation of

information through non-cooperation with discovery" as well as the "costs expended

obtaining court orders to force compliance with discovery."  *Adams*, 29 F.3d at 874.

Conway's refusal to participate in this litigation has stymied interrogatory

responses and production requests, including Conway's account of events that day;

video footage and other data from the truck Conway drove; post-crash alcohol and drug

---

[8]    While a change in counsel can weigh against sanctions, *see Ali*, 788 F.2d at 957 ("Defendants'
failure . . . appears to have resulted from their being caught between counsel for a period of time.
There is no indication of the personal responsibility of any party or that any party['s] . . . conduct was
willful or in bad faith."), Conway has never been without counsel and there is no evidence that the
change in counsel contributed to his lack of participation.

testing results; inspection and repair records for the truck and trailer; the training and safety policies Str8 From Us had in place at the time of the accident; and statements, records or communications Conway or Str8 From Us made or possessed concerning the accident. (Discovery Requests, ECF No. 17-1; Deposition Notices, ECF No. 17-4.) Jones has been prejudiced by her inability to prepare for trial.

3

The third *Poulis* factor weighs in favor of sanctions. A history of dilatoriness is demonstrated by "extensive or repeated delay or delinquency," including "consistent non-response to interrogatories, or consistent tardiness in complying with court orders." *Adams*, 29 F.3d at 874–75. "[A] party's problematic acts must be evaluated in light of [his] behavior over the life of the case." *Id.* at 875.

Conway's history of obstruction is discussed above in detail. In sum, he has evinced a complete unwillingness to participate in this litigation, starting ten months ago in state court and continuing in this Court for the last eight months, despite repeated efforts by his counsel and insurance carrier to obtain his cooperation.

4

The fourth *Poulis* factor also weighs in favor of sanctions. Willful conduct "involves intentional or self-serving behavior," *Adams*, 29 F.3d at 875, and can be evidenced by an "[a]bsence of reasonable excuses" or "repeated failures to observe court imposed deadlines." *Roman v. City of Reading*, 121 Fed. App'x 955, 960 (3d Cir. 2005).

Although Conway has "only" ignored one court order, his insurer and its lawyers have spent nearly a year trying to contact him to participate in this case, which he knows about. His radio silence, which is preventing a relatively straightforward case

from proceeding to trial, appears to be a deliberate attempt to obstruct the litigation. The Court can discern no reasonable excuse for Conway's misconduct, particularly in light of his supposed concern for the suit's effect on his "likeness," (ECF No. 29).

5

The fifth *Poulis* factor also favors sanctions. This factor reflects the importance of hearing suits on the merits and cautions against serious sanctions where other, more narrow sanctions would suffice. But here, a lesser sanction would not be effective or serve the purposes of Rule 37.

Conway has refused to cooperate with his counsel and participate in this litigation. And there is no evidence suggesting that a lesser sanction — such as holding him in contempt and again ordering him to provide Jones the requested discovery — would suddenly change his tune.[9]

All of that said, Jones's first requested sanction — striking all affirmative defenses — is disproportionately harsh. Some of Conway's affirmative defenses go to

---

[9]      Lesser sanctions can also include prohibiting a party from relying on the discovery that is the subject of the Rule 37 motion. *See Walsh v. World Fresh Market, LLC*, No. 20-38, 2022 WL 6732451, at *6–7 (D.V.I. Oct. 11, 2022) (declining, even though defendant's insufficient discovery responses "hinder[ed] the [plaintiff's] ability to prove his case" and "meaningfully investigat[e]" defendant's assertions, to strike affirmative defenses). Even if that were an appropriate sanction here — where Conway has failed to respond to discovery *at all* — his complete lack of response means that such a sanction would amount to a dispositive one.

Similarly, Jones's second requested sanction — preventing Conway from testifying at trial — might not amount to default judgment if Conway could produce and authenticate evidence, e.g., video footage or third-party eyewitness accounts, that need not rely on his personal testimony. But Conway's personal misconduct has prevented Jones from obtaining *any* responses to her discovery requests, which included requests for such evidence, so granting this sanction alone risks prejudicing Jones while excusing Conway's failings. *Cf. In re VecTour, Inc.*, No. 01-10903, 2005 WL 240948, at *3 (Bankr. D. Del. Jan. 20, 2005) (finding defendant's failure to provide written discovery until a month before trial prevented plaintiff from "prepar[ing] for trial in any meaningful way" but reopening discovery rather than precluding evidence where counsel, not the defendant, was responsible).

causation and damages.  Jones offers no reason why Conway's non-participation hinders her ability to prepare for trial on these issues.[10]

6

The sixth *Poulis* factor similarly reflects the importance of hearing suits on the merits.  A defense is considered meritorious when, if established at trial, it would "constitute a complete defense." *Poulis*, 747 F.2d at 870.  Given Conway's lack of cooperation, the Court cannot evaluate the merits of any defense he might have concerning, e.g., fault.  This factor is therefore neutral. *Cf. Overs v. Huttig (Benbilt Bldg. Sys.)*, No. 23-1451, 2024 WL 5121126, at *3 (W.D. Pa. Aug. 20, 2024) (finding factor neutral when plaintiff's claims could not be evaluated "because he [] failed to participate in this litigation, including by attending his own deposition"), *report and recommendation adopted*, 2024 WL 5118464 (W.D. Pa. Dec. 16, 2024); *Royer v. Robertson*, No. 22-61, 2025 WL 490626, at *5 (W.D. Pa. Feb. 13, 2025) (similar).

*     *     *

With five factors weighing in favor of the sanctions, and the remaining factor neutral, it is appropriate to strike all affirmative defenses that do not pertain to causation or damages, prevent Conway from testifying at trial, and prohibit Conway and Str8 From Us from introducing at trial any evidence that should have been

---

[10]    While some of the discovery requests touch upon damages issues, these requests are far outnumbered by those concerning other matters, and telephone conferences with the parties' counsel have indicated that Conway's conduct has not affected discovery on causation and damages issues. Jones's third requested sanction — preventing Conway from introducing any evidence about how the accident occurred or who was at fault — likewise reflects this understanding of the status of discovery and her ability to prepare for trial.

11

produced in response to Jones's discovery requests concerning how the accident

occurred or who was at fault.[11]

      An appropriate Order follows.

BY THE COURT:

*/s/ Gerald J. Pappert*
Gerald J. Pappert, J.

---

[11]     In other words, the affirmative defenses are stricken to the extent that any (1) is an affirmative defense and (2) pertains to duty or breach rather than causation or damages. Conway and Str8 From Us are also prohibited from introducing evidence as specified. So, for instance, the seventh affirmative defense — "unavoidable accident, sudden emergency, or Act of God" — is stricken insofar as they intended to present sudden medical emergency or *vis major*, which are affirmative defenses, *see Shiner v. Ralston*, 64 A.3d 1, 4–5 (Pa. Sup. Ct. 2013); *Engle v. W. Penn Power Co.*, 598 A.2d 290, 300 (Pa. Sup. Ct. 1991), to establish absence of duty or breach. Yet the fourth affirmative defense — that Conway did not breach a duty of care — is not stricken because it is not an *affirmative* defense, though the ability to contest breach will be affected by the evidence-preclusion sanction. The evidence-preclusion sanction could also affect the ability to offer at trial any affirmative defense that concerns causation yet would require evidence of how the accident occurred, e.g., *vis major*, if that evidence should have been, but was not, produced in response to Jones's discovery requests. Nonetheless, these sanctions do not alleviate Jones from the burden of proving every element of each of her claims under the appropriate standard for each stage of the litigation.

     Upon finding a violation of Rule 37(b), the court "must order the disobedient party . . . to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." *Id.* 37(b)(2)(C). Substantial justification exists where there was a genuine dispute concerning compliance such that a reasonable person would agree that parties could differ as to whether disclosure or compliance was required. *In re Atomica Design Group*, 591 B.R. 217, 233 (Bankr. E.D. Pa. 2018). There is no substantial justification here. Nonetheless, the significant sanctions already imposed, which further the deterrence purposes of Rule 37, and the fact that Jones did not seek an expense award lead to the conclusion that awarding costs in these circumstances would be unjust. *Cf. Royer*, 2025 WL 490626, at *3 n.4.